UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWC INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>ELITE PROMO INC,<br><br>   Defendant. | Case No. 16-cv-07071-DMR<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Pending before this court is Plaintiff SWC, Inc. ("SWC")'s motion to remand. [Docket No. 17]. The court held a hearing on February 9, 2017. For the following reasons, the court **GRANTS** SWC's motion to remand, and **DENIES** Defendant Elite Promo, Inc.'s ("Elite Promo") pending motion to dismiss [Docket No. 5] as moot. SWC's request for attorneys' fees and costs is denied.

## I. FACTS AND PROCEDURAL HISTORY

SWC is an exclusive licensee of the Pebble Beach trademark. SWC brings this action against Elite Promo for its allegedly unauthorized use of the Pebble Beach trademark.

### A. Prior Federal Action ("*SWC I*")

On August 5, 2016, SWC filed an action in federal court against Elite Promo, alleging five California state law claims: 1) Unfair Competition under Cal. Bus. & Prof. Code § 17200 *et seq*.; 2) False Advertising under Cal. Bus. & Prof. Code § 17500 *et seq*.; 3) Intentional Interference with Contractual Relations; 4) Conversion; and 5) Trespass to Chattels. *See SWC Inc. v. Elite Promo Inc*., No. 16-cv-04445-DMR ("*SWC I*"). SWC pleaded federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, alleging that SWC was a citizen of the State of Maryland, Elite Promo was a citizen of the State of California, and the amount in controversy exceeded the jurisdictional minimum of $75,000.00, exclusive of interests

1   and costs.  *See SWC I* Comp., § 6.

2   Elite Promo thereafter filed a motion to dismiss *SWC I*.  The court held oral argument on
3   the motion to dismiss on October 13, 2016, took the matter under submission, and ordered the
4   parties to submit supplemental briefing on issues related to the motion to dismiss.  *See SWC I*
5   10/13/16 Minute Order [Docket No. 15].  The parties submitted the requested supplemental
6   briefing on October 24, 2016 as ordered.  *See SWC I* Docket Nos. 16, 17.

7   On October 28, 2016, while this court's ruling on the motion to dismiss was pending, SWC
8   voluntarily dismissed *SWC I* pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See SWC*
9   *I* Notice of Voluntary Dismissal [Docket No. 18].

10  **B.    Instant Action ("*SWC II*")**

11  On November 21, 2016, SWC filed another action against Elite Promo in San Mateo
12  County Superior Court.  *See SWC Inc. v. Elite Promo Inc.* ("*SWC II*") State Court Complaint, Ex.
13  A to Notice of Removal [Docket No. 1].  *SWC II* is virtually identical to *SWC I*; it alleges the same
14  five California state law claims against Elite Promo for unauthorized use of the Pebble Beach
15  trademark.  *Id*.

16  On December 10, 2016, Elite Promo removed *SWC II* solely on the basis of diversity
17  jurisdiction.  *See SWC II* Notice of Removal [Docket No. 1], ¶¶ 9-16.  Elite Promo did not allege
18  any other basis for federal subject matter jurisdiction in its Notice of Removal.  .

19  On December 15, 2016, Elite Promo filed a motion to dismiss *SWC II*, which was in all
20  respects identical to the motion it had filed in *SWC I*.  On December 29, 2016, SWC opposed Elite
21  Promo's motion to dismiss *SWC II*, arguing, among other things, that Elite Promo's removal was
22  improper for the reasons detailed in a forthcoming motion to remand.  *See SWC II* Opp'n to Mot.
23  to Dismiss at 1 [Docket No. 16].

24  On January 5, 2017, less than 30 days after removal, SWC filed its motion to remand *SWC*
25  *II* to San Mateo Superior Court, arguing that Elite Promo's removal was procedurally improper.
26  [Docket No. 17].  Elite Promo opposed.  [Docket No. 19].

27  **II.   LEGAL STANDARD**

28  "Federal courts are courts of limited jurisdiction . . . [and] possess only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a matter "lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Generally, a defendant may remove to federal court any state court action in which the federal court would have original jurisdiction, e.g., federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. However, there is a "strong presumption against removal jurisdiction," which "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("[R]emoval statutes are strictly construed against removal."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III. DISCUSSION

SWC argues that removal was improper because Elite Promo is a resident of the state in which *SWC II* is filed, and is therefore a forum defendant. According to SWC, Elite Promo is barred from removing *SWC II* due to the forum defendant rule embodied in 28 U.S.C. § 1441(b)(2). Elite Promo counters that SWC waived its right to remand because it affirmatively invoked this court's jurisdiction when it filed *SWC I* in federal court, and because it has engaged in litigation activity in *SWC II*.

#### A. The Forum Defendant Rule

The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oat Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. Dist. Court for N. Dist. Of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal").

1    As explained by the Ninth Circuit, the purpose of the forum defendant rule is tied to the
2    purpose of diversity jurisdiction, which is to "protect out-of-state defendants from possible
3    prejudices in state court." *Lively*, 456 F.3d at 940. Where the defendant is a resident of the state
4    in which the case is brought, "the need for such protection is absent." *Id*. By preventing a local
5    defendant from removing on the basis of diversity jurisdiction, the forum defendant rule "allows
6    the plaintiff to regain some control over forum selection by requesting that the case be remanded
7    to state court" on the ground that the defendant is a resident of the forum. *Id*.
8    Since the forum defendant rule is procedural rather than jurisdictional, a plaintiff must file
9    a motion to remand on this basis within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion
10   to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be
11   made within 30 days after the filing of the notice of removal under section 1446(a)."). Failure to
12   timely seek remand results in a waiver of the defect. *See Lively*, 456 F.3d at 942 (holding that the
13   "forum defendant rule . . . is a procedural requirement, and thus a violation of this rule constitutes
14   a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447[c]").
15   Applying these principles, the court finds that the forum defendant rule applies here. SWC
16   filed *SWC II* in San Mateo County Superior Court. *See SWC II* State Court Complaint, Ex. A to
17   Not. of Removal [Docket No. 1]. At the time of removal, Elite Promo was a citizen of California
18   and a forum defendant. *See SWC II* Not. of Removal, ¶ 10 ("Defendant Elite Promo, Inc. . . . is,
19   and at all relevant times has been, a corporation organized and existing under the laws of the State
20   of California, with its principle place of business in the City of San Mateo, California."); *see also*
21   28 U.S.C. § 1332(c)(1) (for the purposes of diversity jurisdiction, "a corporation shall be deemed
22   to be a citizen of every State and foreign state by which it has been incorporated and of the State
23   or foreign state where it has its principal place of business . . ."). As a forum defendant, Elite
24   could not remove solely on the basis of diversity jurisdiction. Since the sole basis of Elite
25   Promo's removal was diversity jurisdiction, *see SWC II* Notice of Removal [Docket No. 1], ¶¶ 9-
26   16, and Plaintiff filed a timely motion to remand, *see* Docket No. 17, remand is appropriate unless
27   the court finds that Plaintiff waived that right.
28   //

4

**B.    Waiver of Right to Remand**

A plaintiff may waive the right to remand by (1) failing to file a timely motion to remand on a non-jurisdictional defect, *see* 28 U.S.C. § 1447(c), or (2) engaging in affirmative conduct suggesting a waiver of the right to remand. *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988). Since Plaintiff filed a timely motion to remand, only the second ground is at issue. Defendant asserts that Plaintiff waived its right to remand by litigating *SWC I* in federal court, and by filing an opposition to Defendant's motion to dismiss in *SWC II*.

District courts in this circuit have held that in order to waive the right to remand, a plaintiff must engage in the type of post-removal conduct that constitutes "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . . ." *Owens*, 686 F. Supp. at 830 (citation and internal quotation marks omitted); *see also Student A. By & Through Mother of Student A. v. Metcho*, 710 F. Supp. 267, 269 (N.D. Cal. 1989) (finding the plaintiff did not waive her right to remand by filing a jury demand, even though the plaintiff did not file a timely remand motion) (citing *Owens*); *Magill v. Wick Towing, Inc.*, No. C16-0348 JLR, 2016 WL 3476449, at *2 (W.D. Wash. June 21, 2016) (finding the plaintiff did not waive his right to remand by filing a joint status report and serving Initial Disclosures prior to filing his timely remand motion) (citing *Owens*).

As one court in this district has observed, "[t]he exact quantity or quality of conduct on [a] [p]laintiff's part which would evidence waiver of the [removal petition's] defect or consent to removal is less than clear." *Alarcon v. Shim Inc.*, No. C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) (citation and internal quotation marks omitted). Moreover, a district court "'has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings.'" *Id*. (quoting *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988)).

Generally, "[w]aiver of the right to remand has been found where [the] plaintiff has filed numerous pleadings and discovery requests after a case has been removed to federal court." *Barahona v. Orkin*, No. CV 08-04634-RGK (SHX), 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008). For example, in *Meadows v. Bicrodyne Corp.*, 559 F. Supp. 57 (N.D. Cal. 1983), *aff'd*, 785

F.2d 670 (9th Cir. 1986), the plaintiffs sought to remand their action on the ground that defendants' removal petition was untimely, but did not raise this defect until they filed a second remand motion. In the meantime, the plaintiffs appeared multiple times before the district court both defending against motions and bringing substantive motions of their own. Accordingly, the district court held that the plaintiffs waived their right to remand on the basis of a nonjurisdictional defect. *Id*. The Ninth Circuit affirmed, finding no abuse of discretion in the denial of the remand motion since plaintiffs "by appearing repeatedly before the court before raising the timeliness objection, had waived their right to raise that issue." *Meadows*, 785 F.2d at 672; *see also Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995) (noting in dicta that the plaintiffs waived their right to remand by "filing numerous pleadings and discovery requests after the case was removed to this federal court").

Courts generally have not found waiver where a plaintiff undertakes minimal or expected case-management obligations once a case is removed. For example, courts have found that a plaintiff does not waive its right to remand by filing a jury demand prior to filing a timely remand motion. *See*, *e.g.*, *Owens*, 686 F. Supp. at 830-31 (finding the plaintiffs did not waive their right to remand by filing a jury demand on the same day as their remand motion); *Olds v. Wynn Las Vegas, LLC*, No. 2:12-CV-357-RCJ-RJJ, 2012 WL 4792919, at *2 (D. Nev. Oct. 9, 2012) (same; collecting cases).

At least two courts have concluded that a plaintiff has not waived the right to remand by filing an amended complaint in response to a motion to dismiss. In *Rapid Displays, Inc. v. Ford, Walker, Haggerty & Behar, LLP*, No. 16 CV-1703-WQH-JLB, 2016 WL 6543207 (S.D. Cal. Nov. 3, 2016), the defendant removed the case to federal court. The plaintiff then filed an amended complaint in response to the defendant's motion to dismiss. The district court held that such behavior did not constitute a waiver of the right to remand, given that Federal Rule of Civil Procedure 15(a) permitted plaintiff to amend its complaint once as a matter of right within 21 days of service. *Id*. at *4; *see also Newport v. Dell Inc.*, No. CIV 08-096-TUCCKJJCG, 2008 WL 2705364, at *4 (D. Ariz. July 2, 2008) (rejecting the defendants' contention that the plaintiff waived her right to remand because she filed an amended complaint).

6

The Ninth Circuit has not addressed the precise factual scenario presented here, i.e., whether a plaintiff may waive his or her right to remand based on prior conduct in a near-identical federal court action. *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1020–21 (W.D. Wis. 2006), dealt with facts that are close to the present case. In *Piper Jaffray & Co.*, the plaintiff filed a motion for temporary restraining order and preliminary injunction, but voluntarily dismissed the case under Rule 41 three days later. *Id*. at 1018. That same day, the plaintiff filed a nearly identical complaint in state court seeking the same relief. *Id*. The defendants, who were forum defendants, thereafter removed the action on the basis of diversity jurisdiction. The plaintiff filed a timely remand motion. *Id*. In opposing the plaintiff's remand motion, the defendant argued that the plaintiff waived its right to remand by filing its prior action in federal court, and was judicially estopped from objecting to the removal. *Id*. at 1019. The district court explained that because the "plaintiff voluntarily dismissed its prior action pursuant to Federal Rule of Civil Procedure 41," the dismissal left the "situation as if a suit had never been brought," and thus the court could not consider any actions taken by the plaintiff during the pendency of that action. *Id*. at 1020-21. Accordingly, the district court found that the plaintiff did not waive its right to remand based on its conduct in the previously dismissed action, and held that defendants' removal was procedurally improper under the forum defendant rule. *Id*. at 1022.

On the question of whether SWC waived its right to remand based on its conduct in *SWC I*, the court finds the reasoning in *Piper Jaffray & Co.* persuasive. It is well-established in the Ninth Circuit that the effect of a voluntary dismissal under Rule 41 is "to leave the parties as though no action had been brought." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008) (citation and internal quotation marks omitted). The Ninth Circuit has "adhered slavishly to this interpretation of Rule 41(a)." *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157–58 (9th Cir. 2002) (collecting cases). In *City of S. Pasadena*, the plaintiff sought leave to amend the complaint in a long-standing federal lawsuit. The court denied leave to amend, and the parties stipulated to dismissal. Two days later, the plaintiff filed a new federal action that raised many of the claims that it unsuccessfully had sought to add to the dismissed lawsuit. The state defendant promptly invoked sovereign immunity in the new lawsuit.

7

1  The district court rejected the defense, holding that the new lawsuit was essentially a continuation
2  of the original lawsuit, and the state defendant had waived sovereign immunity through its
3  activities in the prior lawsuit. 284 F.3d at 1156. The Ninth Circuit held that the waiver of
4  immunity in the original lawsuit did not carry over to the second lawsuit because the plaintiff
5  voluntarily dismissed the first lawsuit pursuant to Rule 41(a). Such a dismissal "leaves the
6  situation as if the action had never been filed." *Id.* at 1157 (citation and internal quotation marks
7  omitted).
8  Applying *City of S. Pasadena* here, the court concludes that it cannot examine SWC's
9  actions in *SWC I*, because the effect of SWC's voluntary dismissal of *SWC I* essentially erased that
10 case from consideration. To conclude otherwise would vitiate the effect of the Rule 41(a)
11 voluntary dismissals. To the extent there is any ambiguity as to whether this court can consider
12 SWC's prior conduct in *SWC I* in determining waiver of its right to remand in *SWC II*, the court
13 resolves any such ambiguity in favor of remand, as it must in determining whether removal was
14 proper, since federal courts are courts of limited jurisdiction. *See Hunter*, 582 F.3d at 1042; *see*
15 *also Luther*, 533 F.3d at 1034; *Gaus*, 980 F.2d at 566.
16 Turning to SWC's post-removal conduct in *SWC II*, the court finds that SWC did not
17 engage in the type of "affirmative conduct" that would offend principles of fairness if the action
18 were remanded. SWC's litigation conduct in *SWC II* consists of filing an opposition to a pending
19 motion to dismiss, as it was required to do pursuant to Civ. L.R. 7-3. It did so one week before
20 filing a timely remand motion. Such minimal mandatory and defensive conduct does not amount
21 to the type of affirmative conduct that courts typically have found to support waiver. *See*, *e.g.*,
22 *Alarcon*, 2007 WL 2701930, *3 (two week delay in filing motion for remand after filing motion
23 for entry of default does not amount to waiver); *Magill*, 2016 WL 3476449, at *2 (positing, in
24 dicta, that even if the plaintiff had filed its joint status report and served its initial disclosures after
25 filing a remand motion, that plaintiff still would not have waived its right to remand under those
26 circumstances).
27 Elite Promo's argument that SWC is engaging in forum shopping is not persuasive.
28 Indeed, the forum defendant rule protects a plaintiff's choice of forum and permits a plaintiff to

8

seek remand where there is a local defendant. *See Lively*, 456 F.3d at 940.

### C. Newly Raised Basis for Removal Jurisdiction

In its opposition to SWC's motion to remand, Elite Promo argues for the first time that federal subject matter jurisdiction is also proper on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Elite Promo's argument is untimely. The Ninth Circuit has held that a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citation and internal quotation mark omitted); *see also Rader v. Sun Life Assur. Co. of Can.*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (explaining that a "notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand") (citing *ARCO Envtl. Remediation, L.L.C.*). As Elite Promo's argument is untimely, the court declines to address its merits.

### D. Attorneys' Fees and Costs

SWC requests attorneys' fees and costs in seeking remand. *See* Mot. to Remand at 4. Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have wide discretion in deciding to award fees. *Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *4 (N.D. Cal. Aug. 11, 2016) (quoting *Moore v. Permanente Med. Grp, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) ("[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal.") (citation and internal quotation marks omitted). A court may award fees even if it does not find the removing party acted in bad faith. *See Moore v. Permanente Med. Grp.*, *Inc.*, 981 F.2d 443, 446 (9th Cir.

9

...

1992).

In determining whether a removing party lacked an "objectively reasonable basis" for removal, this court is mindful that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In *Lussier*, the Ninth Circuit explained that in determining whether removal was objectively unreasonable, a court should determine "whether the relevant case law clearly foreclosed the defendant's basis of removal," taking into account "clarity of the law at the time of removal." *Id.* at 1066. "[I]f the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *Busch v. Jakov Dulcich & Sons LLC*, No. 15-CV-00384-LHK, 2015 WL 5915362, at *3 (N.D. Cal. Oct. 9, 2015), appeal dismissed (Dec. 23, 2015) (citation and internal quotation marks omitted).

As the parties concede, the question of whether SWC waived its right to remand under the circumstances presented has not been addressed by any case in this circuit. The court cannot conclude that Elite Promo's attempt to remove *SWC II* was objectively unreasonable, and therefore denies SWC's request for attorneys' fees and costs.

## IV. CONCLUSION

The court grants Plaintiff's motion to remand. Plaintiff's request for attorneys' fees and costs is denied. Defendant's motion to dismiss is denied as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 10, 2017



_____
Donna M. Ryu
United States Magistrate Judge